## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JASMINE COLON | : | CIVIL ACTION |
| 3216 Holyoke Road | : | |
| Philadelphia, PA 19114 | : | |
| Plaintiff, | : | NO. |
| -vs- | : | |
|  | : | |
| PHILADELPHIA POLICE | : | PLAINTIFF REQUESTS |
| DEPARTMENT | : | A TRIAL BY JURY |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 Arch Street, | : | |
| Philadelphia, PA 19103 | : | |
| and | : | |
| TONY WOO (*Supervisor*) | : | |
| Defendants. | : | |
|  | : | |

Plaintiff, Jasmine Colon, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, Philadelphia Police Department, City Of Philadelphia, and Tony Woo (*individually*) (collectively "Defendants") and upon information and belief avers the following:

### PARTIES

1.     Plaintiff, Jasmine Colon ("Ms. Colon" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania with an address for the purposes of service at 3216 Holyoke Road, Philadelphia, Pennsylvania, 19114.

2.     Defendant, Philadelphia Police Department is a municipal organization organized and existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service at  750 Race Street, Philadelphia, Pennsylvania 19106.

3.     Defendant, City of Philadelphia is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address for the purposes of service at  1515 Arch Street, Philadelphia, Pennsylvania 19103.

4.     Defendant, Tony Woo (*individually*) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 750 Race Street, Philadelphia, Pennsylvania 19106.

5.     At all times relevant to this Civil Action, Defendant Tony Woo was an employee of Defendants, Philadelphia Police Department and City of Philadelphia and held the position of Sergeant and was therefore a supervisor of Plaintiff, Jasmine Colon.

## NATURE OF THE CASE

6.     Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")); 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"); under the laws of the Commonwealth of Pennsylvania; and under the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO"), and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and retaliation.

## JURISDICTION AND VENUE

7.     This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

8.     The honorable Court also has supplemental jurisdiction over the Commonwealth Law and Municipal Causes of Action.

9.      Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Philadelphia County where the discrimination complained of occurred.

10.     On or about August 2, 2018, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.  Plaintiff's Charge of Discrimination was then cross-filed at the Pennsylvania Human Relations Commission.

11.     On or about August 7, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12.     This action is commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.  ⌈⌋

## **MATERIAL FACTS**

13.     Plaintiff seeks damages for injuries caused by Defendants sexual harassment and retaliation for reporting the same.

14.     Defendant, Tony Woo is a Sergeant in the Philadelphia Police Department who on February 20, 2018, was assigned to the 6th District.

15.     At all times material to this Charge, Plaintiff, Jasmin Colon was employed by Defendants as a Philadelphia Police Officer.

16.     At all times material to this Civil Action, Plaintiff, Jasmin Colon possessed the education, skill, training, and experience required to execute her duties as a Philadelphia Police Officer.

17.     Defendants claim to enforce Directive 8.7 which is Defendants' Equal Employment Complaint Procedures.  Directive 8.7 includes a pledge to impose appropriate disciplinary action up to and including dismissal, against any employee, supervisor, or administrator who engages in prohibited conduct.

18.     Directive 8.7 specifically identifies prohibited conduct as discrimination and/or harassment based on sex, sexual orientation, and gender identity and states that "all actions and deeds by members of this Department shall be consistent with all laws, Civil Service Regulations, and mandates of the Constitution of the United States, the Commonwealth of Pennsylvania, the City of Philadelphia Home Rule Charter and the Philadelphia Police Department concerning equal employment issues."

19.     Plaintiff, Jasmin Colon began her employment as a Philadelphia Police Officer on August 11, 2008, when Ms. Colon joined the Philadelphia Police Academy.

20.     Plaintiff, Jasmin Colon graduated from the Philadelphia Police Academy on March 20, 2009.

21.     Both Plaintiff, Jasmin Colon and Defendant, Sergeant Tony Woo attended the Philadelphia Police Academy at the same time.

22.     At or around February 20, 2018, there was a fire in the 6th District. Defendant, Sergeant Tony Woo was stationed at the 6th District during this time.

23.     Because of the fire, additional police officers were needed in the 6th District. Therefore, Defendant, Sergeant Tony Woo called the 22nd District by telephone and requested that officers from the 22nd District assist in the 6th District.

24.     On February 20, 2018, when Defendant, Sergeant Tony Woo placed the call to the 22nd District, Plaintiff, Jasmine Colon was assigned to the 22nd District, and received Sergeant Tony Woo's call.

25.     Following protocol and procedures, Plaintiff, Jasmine Colon forwarded the call to Corporal James Bynum, her superior officer at the 22nd District where Jasmin Colon was stationed.

26.     Plaintiff, Jasmine Colon had not spoken to Defendant, Tony Woo in several years prior to February 20, 2018. Accordingly, Plaintiff, Jasmin Colon and Defendant, Tony Woo exchanged text messages that evening.

27.     Defendant, Tony Woo suggested by text that Plaintiff, Jasmine Colon visit him at the 6nd District when Ms. Colon finished her shift at the 22th District.

28.     Plaintiff, Jasmine Colon agreed to stop by the 6nd Philadelphia Police District after she completed her shift at the 22nd District.

29.     Upon arrival at the 6th District, Defendant, Tony Woo met Plaintiff, Jasmine Colon in the Philadelphia Police Parking lot, which is a police parking lot designated for Philadelphia Police Officers and employees of the Philadelphia Police Department.

30.     Defendant, Sergeant Tony Woo was in full uniform during the meeting at the 6th District's Philadelphia Police Department Parking lot.

31.     Plaintiff, Jasmine Colon got out of her car and Defendant, Sergeant Tony Woo approached Plaintiff, Jasmine Colon and greeted her with a hug.

32.     Plaintiff, Jasmine Colon and Defendant, Sergeant Tony Woo chatted for a few minutes when the conversation became inappropriate as Defendant, Sergeant Tony Woo began to confess long held romantic feelings for Plaintiff, Jasmine Colon.

33.     Plaintiff, Jasmine Colon visited Sergeant Tony Woo at the 6nd Police District purely in a professional capacity to discuss work and to catch up.  Accordingly, when the conversation turned personal, Plaintiff, Jasmine Colon immediately felt uncomfortable.

34.     Plaintiff, Jasmine Colon explained to Defendant, Sergeant Tony Woo that she recently gave birth to twin boys and was engaged to marry the father of her children.  Plaintiff, Jasmine Colon hoped this information would help Defendant, Sergeant Tony Woo understand that he was being inappropriate by confessing romantic feelings for Plaintiff, Jasmine Colon.

35.     Defendant, Sergeant Tony Woo was not dissuaded and continued his inappropriate romantic confession.

36.     Plaintiff, Jasmine Colon's feeling of discomfort turned to shock and she steered the conversation toward its conclusion.

37.     As Plaintiff, Jasmine Colon said goodbye to Defendant, Sergeant Tony Woo, it appeared Defendant, Sergeant Tony Woo was attempting another hug, when he turned his head to kiss Plaintiff, Jasmine Colon on her lips.

38.     Plaintiff, Jasmine Colon pulled away in shock, disbelief, and fear.

39.     Defendant, Sergeant Tony Woo said, "I am sorry, let me try that again," and grabbed Plaintiff, Jasmine Colon for another embrace.

40.     Plaintiff, Jasmine Colon noted an increased feeling of violence and aggression in Defendant, Sergeant Tony Woo's behavior and froze.

41.     As Defendant, Sergeant Tony Woo squeezed Plaintiff, Jasmine Colon toward him, he grabbed Plaintiff, Jasmine Colon's hand and placed it on his crotch.

42.     Plaintiff, Jasmine Colon met force when she attempted to pull her hand away.

43.     Plaintiff, Jasmine Colon was finally able to escape, and she got in her car and drove away. Plaintiff, Jasmine Colon drove home in fear, shock, and disbelief.

44.     For the next few weeks Plaintiff, Jasmine Colon attempted to continue working as if nothing had occurred.

45.     Philadelphia Police Officer, Rene Sanders noticed that something was wrong with Plaintiff, Jasmine Colon and asked Plaintiff, Jasmine Colon if anything was wrong.

46.     Plaintiff, Jasmine Colon informed Police Officer Sanders that she had been sexually assaulted by a superior Philadelphia Police Officer.

47.     Pursuant to informing Police Officer Sanders, Plaintiff, Jasmine Colon resolved to report the incident and thus informed Corporal James Bynum at the 22nd District where she was assigned.

48.     When Corporal James Bynum learned that Police Officer Plaintiff, Jasmine Colon was sexually assaulted by another Philadelphia Police officer, he suggested that they wait several days to ask Lieutenant Stacy Harris how to proceed.

49.     Upon reporting the sexual assault to Lieutenant Harris, Plaintiff, Jasmine Colon was directed to the Internal Affairs Division of the Philadelphia Police Department.

50.     Plaintiff, Jasmine Colon reported the sexual assault to the Internal Affairs Division of the Philadelphia Police Department about one (1) month after February 20, 2018.

51.     Upon learning that a Sergeant in the Philadelphia Police Department used his superior rank to lure another Philadelphia Police officer to the Philadelphia Police Parking lot at the 6th District with the intention of sexually assaulting her, the Internal Affairs Division confiscated Plaintiff, Jasmine Colon's cellular phone.

52.     The Internal Affairs Division of the Philadelphia Police Department reacted to Plaintiff, Jasmine Colon's report of a sexual assault at the 6th District by blaming Plaintiff, Jasmine Colon.

53.     Upon learning about the sexual assault, the Internal Affairs Division asked Plaintiff, Jasmine Colon why she waited to report it.

54.     Plaintiff, Jasmine Colon believed she was safe in reporting the sexual assault to the Internal Affairs Division of the Philadelphia Police Department.

55.     Within weeks of reporting the sexual assault to Internal Affairs, police officers at the 22nd District where Plaintiff, Jasmine Colon was assigned began receiving notices from the Internal Affairs Division.

56.     These notices from the Internal Affairs Division instructed the police officers who received them to report to the Internal Affairs Division to give statements.

57.     Many of the police officers that received these notices had little or nothing to do with the February 20, 2018 sexual assault.

58.     Upon information and belief, every person who worked in the 22nd District Operations Room received the notice from Internal Affairs.

59.     Plaintiff, Jasmine Colon believed that Internal Affairs was investigating the February 20, 2018 sexual assault.

60.     As the Internal Affairs Division began taking statements from every person who worked in the 22nd District's Operations Room, Plaintiff, Jasmine Colon realized that the Internal Affairs Division was not investigating the sexual assault.

61.     Instead of investigating the February 20, 2018 sexual assault, the Internal Affairs Division decided to investigate whether Charging Party, MS. COLON, left work four (4) hours early on February 20, 2018.

62.     Instead of investigating the fact that a Sergeant in the Philadelphia Police Department sexually assaulted a lower ranking officer, on Philadelphia Police Department property, Internal Affairs chose to investigate the victim, Plaintiff, Jasmine Colon, for possibly leaving work four (4) hours early prior to being sexually assaulted.

63.     Philadelphia Police Department, Internal Affairs Division officers behaved as though the crucial issue worth investigating was the documentation related to the 22nd District's time keeping procedures related to Plaintiff, Jasmine Colon schedule.  At no time did Defendants perform a meaningful investigation into the sexual assault.

64.     Shortly after Internal Affairs sent notices of their investigation to every person who worked in the 22nd District's Operations Room, Plaintiff, Jasmine Colon was subjected to a hostile work environment, discrimination, and retaliation.

65.     Officers who worked at the 22nd District made comments to Plaintiff, Jasmine Colon including but not limited to:

- "What did you think was going to happen;"
- "I hope your fiancé re-thinks marrying you;"

- "I hope your fiancé knows you are a cheater;"

- "Why would you even report it;"

- "Put your big girl panties on;"

- "Suck it up;"

- "Keep your mouth shut;"

- "Be a big girl."

66.     The way in which Defendants mismanaged Plaintiff's reports of being sexually assaulted resulted in the event becoming daily gossip where Plaintiff, Jasmine Colon was forced to work every day.

67.     Plaintiff, Jasmine Colon went from rarely using sick-time to using weeks of sick-time to avoid being subjected to hostility, discrimination, and retaliation in the workplace.

68.     Plaintiff, Jasmine Colon experienced an onset of panic attacks subject to the February 20, 2018 sexual assault and the resulting hostility, discrimination and retaliation in the workplace.

69.     Because of the onset of panic attacks subject to the February 20, 2018 sexual assault and resulting hostility, discrimination and retaliation in the workplace, Plaintiff, Jasmine Colon was forced to see a therapist and psychologist.

70.     Because of the onset of panic attacks subject to the February 20, 2018 sexual assault and resulting hostility, discrimination and retaliation in the workplace, Plaintiff, Jasmine Colon was prescribed Lorazepam.

71.     Because of the onset of panic attacks subject to the February 20, 2018 sexual assault and resulting hostility, discrimination and retaliation in the workplace, Plaintiff, Jasmine Colon's therapist recommended Plaintiff, Jasmine Colon take a leave of absence.

72.     Due to the hostility, discrimination and retaliation Plaintiff, Jasmine Colon experienced from Defendants and Plaintiff, Jasmine Colon's co-workers at the 22nd District, Plaintiff, Jasmine Colon

requested to be detailed out of the 22nd District.

73.     Plaintiff, Jasmine Colon was detailed out of the 22nd District on June 18, 2018.

74.     Upon being Detailed out of the 22nd District, Plaintiff, Jasmine Colon was still assigned to the 22nd District according to her employment records, however, Plaintiff, Jasmine Colon worked at the 16th District.

75.     The Philadelphia Police Department managed, investigated, and responded to the report of a sexual assault in the workplace by blaming the victim and initiating actions that resulted in hostility, discrimination and retaliation against the victim, Plaintiff, Jasmine Colon.

76.     The Philadelphia Police Department responded to a report of sexual assault in the workplace by investigating the victim instead of the underlying incident. This is indicative of Philadelphia Police Department internal policies and procedures and is representative of the systemic breakdown of the entire Department.

77.     No criminal charges were ever brought against Sergeant Tony Woo.

78.     No meaningful investigation was ever performed.

79.     Defendant, Sergeant Tony Woo experienced no meaningful discipline and still works for the Philadelphia Police Department today.

80.     As a result of Defendants' conduct Plaintiff has been extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

81.     As a result of Defendants' conduct Plaintiff was subjected to discriminatory treatment and retaliation, and continues to suffer severe emotional distress and physical ailments.

82.     As a result of Defendants' conduct Plaintiff has been subjected to discriminatory and retaliatory conduct, and suffers from regular panic attacks. Plaintiff has difficulty sleeping and eating.

83.     Defendants conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, and Plaintiff demands Punitive Damages against all Defendants jointly and severally.

84.     Defendants have established a pattern and practice of discrimination, retaliation, and harassment through their actions.

85.     The discrimination and retaliation will continue beyond the date of this complaint, and as such, Plaintiff makes a claim for all continuing future harassment and retaliation.

86.     The above are just some of the examples of unlawful and discrimination and retaliation to which Plaintiff was subjected.

87.     Defendants constructively discharged Plaintiff by making her working conditions so onerous, abusive, and intolerable that no person in Plaintiff's shoes would have been expected to continue working under such conditions and such that Plaintiff's resignation was void of free will.

88.     As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

89.     Plaintiff suffers from anxiety, fear, and nightmares relating to Defendants and Defendants' employees conduct.  Plaintiff is unable to sleep or eat.

90.     As a result of Defendants' conduct, Plaintiff has been humiliated, degraded, victimized, embarrassed and emotionally distressed.

91.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, a loss of salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

92.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

93.     The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

94.     Plaintiff claims that Defendants discriminated against Plaintiff because of Plaintiff's sex and gender and because Plaintiff complained and opposed the unlawful conduct of Defendants related to Plaintiff's protected class.

95.     Plaintiff further claims aggravation, activation, and exacerbation of any pre-existing condition.

96.     Plaintiff claims unlawful constructive discharge and/or unlawful actual discharge and also seeks reinstatement.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against corporate Defendants only)**

97.     Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through ninety-six (96) as fully as if they were set forth at length.

98.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

99.     SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of

such individual's race, color, religion, sex, or national origin.

100.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex and gender.

### SECOND CAUSE OF ACTION
### RETALIATION UNDER TITLE VII
### (against corporate Defendants only)

101.    Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred (100) as fully as if they were set forth at length.

102.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

103.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

### THIRD CAUSE OF ACTION
### 42 U.S.C. §1983
### VIOLATIONS OF EQUAL PROTECTION CLAUSE
### RIGHT TO BE SECURE FROM UNREASONABLE SEIZER
### (against all named Defendants)

104.    Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-three (103) as fully as if they were set forth at length.

105.    42 U.S.C. Section 1983 stated:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

106.    Defendants and their employees and agents violated Plaintiffs' Fourth Amendment rights to be free from unreasonable seizure.

107.    Defendants acted under color of state law to violate the plaintiff's rights to equal protection and due process of law.   Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of her constitutional right to be free from unreasonable seizer and to enjoy equal protection under the laws.

108.    Defendants also violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 through discrimination and retaliation for reporting said discrimination.

## FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER STATE LAW
### (against all named Defendants)

109.    Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-eight (108) as fully as if they were set forth at length.

110.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

"(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

111.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability.

112.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

### FIFTH CAUSE OF ACTION
### RETALIATION UNDER STATE LAW
**(against corporate Defendants only)**

113.     Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-twelve (112) as fully as if they were set forth at length.

114.     PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

115.     Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### SIXTH CAUSE OF ACTION
### DISCRIMINATION UNDER STATE LAW
**(against all named Defendants)**

116.     Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-fifteen (115) as fully as if they were set forth at length.

117.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite,

compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

118.   Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**SEVENTH CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

119.   Plaintiff, Jasmin Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-eighteen (118) as fully as if they were set forth at length.

120.   The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice:  "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

121.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's disability.

122.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

## EIGHTH CAUSE OF ACTION
## RETALIATION UNDER THE
## PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all named Defendants)

123.     Plaintiff, Jasmin Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-twenty-two (122) as fully as if they were set forth at length.

124.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

125.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### NINTH CAUSE OF ACTION
### DISCRIMINATION UNDER
### PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all named Defendants)

126.    Plaintiff, Jasmine Colon, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-and-twenty-five (125) as fully as if they were set forth at length.

127.    The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

128.    Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated

damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP,  PLLC**

By: _____
       Seth D. Carson, Esquire
       1845 Walnut Street, Suite 1600
       Philadelphia, Pennsylvania 19103
       Phone: 215.391.4790
       Email: seth@dereksmithlaw.com

DATED: November 5, 2018